**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------X   Case No. 17-cv-01008
JADER VALENCIA, on behalf of himself individually
and all others similarly situated,

                                                      Plaintiff,                             CLASS ACTION
                                                                              **COMPLAINT**

     -against-

DIVERSIFIED ADJUSTMENT SERVICE, INC.,

                                                       Defendant.
-------------------------------------------------------------------------X

Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, PLLC, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

2. Further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff is a natural person who resides in this District.

6. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

7. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff is alleged to be a defaulted debt which was originally incurred for personal, family or household purposes regarding SPRINT.

8. Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10. Defendant uses the mail and other means to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11. The principal purpose of defendant is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

12. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. Upon information and belief, defendant is a foreign business corporation incorporated in Minnesota.

## FACTUAL ALLEGATIONS

14. Plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. Defendant sent to plaintiff a collection letter dated April 15, 2016.

16. Defendant stated in the caption of the letter in the top left-hand corner: "Re: SPRINT".

17. Defendant thereafter stated in the letter:

"Your account has been placed with us for collection."

18. The account was alleged to be in default.

19. The letter was defendant's first communication with plaintiff in connection with the collection of the debt.

20. The letter was defendant's first written communication with plaintiff in connection with the collection of the debt.

21. Defendant sent no letter to plaintiff within five days after the date on which defendant sent the letter dated April 15, 2016.

22. In its letter defendant fails to identify the creditor to whom the debt is owed.

23. Upon receipt of defendant's letter, plaintiff did not know who the creditor of his debt was and felt perplexed, confused and irritated thereby.

## AS AND FOR A FIRST CAUSE OF ACTION

### Failure to identify the creditor clearly and effectively

### 15 U.S.C. §§ 1692g(a)(2) and 1692e

24. Plaintiff re-alleges paragraphs 1-23 as if fully re-stated herein.

25. Defendant's letter stated in its caption that the letter was "Re: SPRINT".

26. Defendant's letter further stated: "Your account has been placed with us for collection."

27. In its letter defendant fails to identify clearly and effectively the creditor to whom the debt is owed.

28. Defendant does not state in the caption of the letter whether the entity it describes as "SPRINT" is the creditor of the debt defendant seeks to collect.

29. Defendant does not state anywhere in the letter whether SPRINT is the creditor of the debt defendant seeks to collect.

30. Nowhere in the letter does defendant state who the creditor of the debt is.

31. The word "creditor" does not appear in the letter.

32. Defendant included no language in the letter to indicate who the creditor of the debt is.

33. Nowhere in the letter does defendant state what, if any, is the relationship between SPRINT and the debt.

34. Nowhere in the letter does defendant state on whose behalf it is acting in sending the letter.

35. Nowhere in the letter does defendant state who it represents in sending the letter.

36. Nowhere in the letter does defendant state what, if any, is the relationship between SPRINT and defendant.

37. In the letter, defendant invited plaintiff to send all payments to defendant.

38. Defendant's failure to identify clearly and effectively the creditor of the debt contravenes the FDCPA, § 1692g(a)(2).

39. Defendant is further in violation of the FDCPA, § 1692e in that its failure to identify clearly and effectively the creditor of the debt constitutes a deceptive and misleading means used in an attempt to collect the debt.

## AS AND FOR A SECOND CAUSE OF ACTION

## NYGBL § 349

40. Plaintiff re-alleges paragraphs 1 to 39 as if fully re-stated herein.

41. Defendant owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

42. Defendant breached its duty to collect plaintiff's debt with reasonable care.

43. In the exercise of reasonable care defendant ought to have ensured that in its collection letters it identified, in a clear and effective manner, the creditors of the debts it seeks to collect.

44. Defendant's letters confuse consumers as to the identity of the entities defendant is claiming they owe.

45. Defendant is a collector of consumer debts.

46. On information and belief, defendant sends collection letters to hundreds of consumers within the State of New York each month.

47. Defendant's letter to plaintiff is a form collection letter.

48. Defendant's letter to plaintiff is derived from a letter template.

49. Defendant's failure, in its collection letters, to identify in a clear and effective manner the creditors of the debts it seeks to collect is a deceptive act and practice.

50. Said deceptive act and practice was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in the State of New York and constitutes a violation of NYGBL § 349.

51. Defendant's deceptive act and practice was consumer-oriented in that defendant's failure to identify in a clear and effective manner the creditors of the debts it seeks to collect was not an act limited to plaintiff's account, but extended to the accounts of other consumers which defendant sought to collect at all times relevant herein.

52. Defendant's said failure has a broad impact on consumers at large whose accounts are placed with defendant for collection because at all times relevant herein defendant sent substantially the same letter to all consumers, all of which failed to identify the creditors to whom the debts are owed.

53. Because at all times relevant herein defendant's letters failed to inform consumers as to the identity of their creditors, while at the same time demanding the payment of money from consumers, defendant's failure was deceptive in a material way.

54. Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

55. Upon receipt of defendant's letter, plaintiff did not know who the creditor of his debt was and felt perplexed, confused and irritated thereby.

56. Defendant violated NYGBL § 349(a) by the sending of its letter and is liable to plaintiff under NYGBL § 349(h).

## CLASS ALLEGATIONS

57. Plaintiff re-alleges paragraphs 1-56 as if fully re-stated herein.

58. This action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter defendant sent to plaintiff dated April 15, 2016; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained the aforesaid violations of 15 U.S.C. §§ 1692g(a)(2) and 1692e. The class does not include defendant or persons who are officers, directors or employees of defendant.

59. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by sending collection letters to consumers which fail to identify clearly and effectively the creditor of the debt, in violation of the FDCPA, §§ 1692g(a)(2) and 1692e.

   (C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

   (D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   (E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

60. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

61. If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

62. Communications from debt collectors, such as those sent by defendant, are to be evaluated under the FDCPA by the objective standard of the hypothetical "least sophisticated consumer".

63. As a result of the above violations, defendant is liable to plaintiff and the members of the class for injunctive relief and damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k ;

(c) awarding plaintiff the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(d) awarding plaintiff actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(e) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(f) enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(g) awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h) awarding, in the alternative, statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(i) awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(j) for such other and further relief as may be just and proper.

- 11 -

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
February 22, 2017.

                                                      /s/ Novlette R. Kidd
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI, PLLC
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com